IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SER DE NEW MEXICO,

    Plaintiff,

v.                                NO.: _____

PHILADELPHIA INDEMNITY INSURANCE COMPANY,

    Defendant.

## NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 AND JURY DEMAND

Defendant Philadelphia Indemnity Insurance Company ("Philadelphia") submits this timely filed Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and in support states as follows:

### I.  BACKGROUND

1. Plaintiff filed its Complaint for Breach of Contract, Unfair Insurance Practices, and Bad Faith Refusal to Provide Defense Coverage and to Accept Potential Liability ("Complaint") on September 25, 2015 in the Second Judicial District in the County of Bernalillo of the State of New Mexico, styled *SER de New Mexico v. Philadelphia Indemnity Insurance Company*, Case No. D-202-CV-2015-07534 ("State Court Action").  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders filed in that action are attached hereto as **Exhibit "A".**  Philadelphia will comply with D.N.M.LR-Civ. 81.1(a) within the twenty-eight day period provided by that rule, to the extent **Exhibit "A"** does not accomplish that purpose.

2. Philadelphia has not yet filed or served an answer or other responsive pleading in the state court.

## II.        GROUNDS FOR REMOVAL

3. This action is a civil action in which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by PIIC pursuant to the provisions of 28 U.S.C. § 1441(a), in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

4. Plaintiff SER is and was a nonprofit corporation duly incorporated in the State of New Mexico with its principal place of business in the State of New Mexico when it filed the Complaint in state court on September 25, 2015, and at the time of this removal. (*See* New Mexico Office of the Secretary of State, Business Services Division, Corporate Standing Page for plaintiff SER, a true and correct copy of which is attached hereto as **Exhibit "B"**, and of which PIIC respectfully requests this Court to take judicial notice pursuant to Federal Rule of Evidence 201.)

5. PIIC is a corporation organized and incorporated under the laws of the State of Pennsylvania with its principal place of business in Bala Cynwyd, Pennsylvania.

6. Plaintiff alleges that PIIC committed bad faith breach of contract and unfair insurance practices, breached the covenant of good faith and fair dealing, and unreasonably failed to provide a defense for SER with respect to an underlying lawsuit filed in the Second Judicial District of the State of New Mexico in and for the County of Bernalillo, styled *Autrey "Ringo" Stinett v. SER de New Mexico*, Case No. D-202-CV-2012-05960 (the *"Stinett* Action") (*See* Complaint, ¶¶ 11, 16, and 21.)

7. The *Stinett* Action is an employment action wherein the underlying plaintiff, Autrey "Ringo" Stinett ("Claimant"), has alleged claims against SER for discrimination and retaliation on the bases of his serious medical condition, actual and perceived disability, and

sexual orientation.  (*See Stinett* Complaint, a true and correct copy of which is attached hereto as **Exhibit "C"**, and of which PIIC respectfully requests this Court to take judicial notice pursuant to Federal Rule of Evidence 201.)

8.  On September 13, 2012, Claimant filed a Motion for Default Judgment against SER in the *Stinett* Action, whereby Claimant sought $500,000 in damages as a result of SER's violation of New Mexico's Human Rights Act in its discriminatory termination of Claimant on the basis of his HIV-positive status, his actual or perceived disability related to his HIV-positive status, and his sexual orientation.  (*See* Motion for Default filed in the *Stinett* Action, at ¶ 12, a true and correct copy of which is attached hereto as **Exhibit "D"**, and of which PIIC respectfully requests this Court to take judicial notice pursuant to Federal Rule of Evidence 201.)

9.  The amount in controversy in this action exceeds $75,000 exclusive of interest and costs because, in the Complaint, SER alleges that "[PIIC] should pay any losses of [SER], including attorney fees to date, and any justified damages of [Claimant]."  (Complaint, ¶ 9.)  Plaintiff also seeks attorneys' fees and litigation expenses against PIIC.  (Complaint, ¶¶ 14 and 17.)  The potential recovery of attorneys' fees should be taken into account in determining the amount in controversy for jurisdictional purposes.  *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933).  Plaintiff further alleges that PIIC is liable for punitive and bad faith exemplary damages.  A claim for exemplary damages is considered in deciding whether the "matter in controversy" requirement has been satisfied.  *Bell v. Preferred Life Assur. Society*, 320 U.S. 238, 240 (1943) ("It is well established that punitive damages are part of the amount in controversy in a civil action.").

10. Although PIIC denies that the foregoing potential damages are merited in this case, plaintiff's Complaint has placed them in controversy. Accordingly, the amount in controversy exceeds $75,000.

Wherefore, Philadelphia gives notice that the above action, now pending against it in the Second Judicial District of the State of New Mexico in and for the County of Bernalillo, has been removed therefrom to this Court on the ground of diversity of citizenship.

## JURY DEMAND

Philadelphia hereby demands, pursuant to Fed. R. Civ. P. 38(b), a trial by jury in this action.

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By: _____
    Seth L. Sparks
Post Office Box 1888
Albuquerque, NM 87103
Telephone: (505) 765-5900
Facsimile: (505) 768-7395

and

Martin J. O'Leary
Eryk R. Gettell
SEDGWICK LLP
333 Bush Street
30th Floor
San Francisco, CA 94109-2834
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

...

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 23, 2015 I filed the foregoing pleading electronically through the CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Peter Everett IV
Everett Law
10911 Fourth Street NW
Albuquerque, NM 87114
*Attorneys for Plaintiff*
peiv@everettlaw-nm.com

By:_____
      Seth L. Sparks