Case 1:15-cv-00952-KG-SCY   Document 1-1   Filed 10/23/15   Page 1 of 11

FILED IN MY OFFICE
DISTRICT COURT CLERK
9/25/2015 3:55:08 PM
James A. Noel
Chris Peck

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

SER DE NEW MEXICO,
    Plaintiffs,

v.            Cause No. D-202-CV-2015-07534

PHILADELPHIA INDEMNITY INSURANCE COMPANY,
    Defendants.

## COMPLAINT FOR BREACH OF CONTRACT, UNFAIR INSURANCE PRACTICES, AND BAD FAITH REFUSAL TO PROVIDE DEFENSE COVERAGE AND TO ACCEPT POTENTIAL LIABILITY

FOR THEIR COMPLAINT, Plaintiffs state:

INTRODUCTION

1. Plaintiff Ser de New Mexico is a licensed and duly authorized non-profit corporation.

2. Plaintiff Mr. Pete D. Salazar is President/CEO of Ser de New Mexico.

3. Philadelphia Indemnity Insurance Company is an insurance company licensed to and doing business in the State of New Mexico.

4. During the time Autrey "Ringo" Stinett was employed by the Plaintiff, he cause to be filed litigation against Ser de New Mexico claiming violation of civil rights and of the Americans with Disabilities Act. The litigation was filed June 26, 2012.

EXHIBIT "A"

5. Plaintiffs were insured by Philadelphia Indemnity Insurance Company at the time Mr. Stinett filed the claim.

6. Proper notice of the litigation was given to Defendant Philadelphia.

7. Defendant has continued to refuse to provide defense coverage and to accept the potential liability for the claims by Mr. Stinett, which Ser de New Mexico claims are/were unfounded.

8. Plaintiff incorporates by reference all of the matters in the Second Judicial District, Cause No. D-202-CV-201205960.

9. Plaintiffs, Ser de New Mexico and Pete Salazar, have expended very significant funds to defend the Stinett litigation. Defendant should be forced to provide defense coverage, immediately, reserving rights to a determination of liability for any of the potential claims of Mr. Stinett. Defendant should pay any losses of Plaintiff, including attorney fees to date, and any justified damages of Mr. Stinett. Defendant herein has breached the contract of insurance, failed to pay covered Defense costs potential loss, because the failure to pay was intentional and/or grossly negligent, punitive damages are appropriate, and for violations of the Unfair Insurance Practices Act.

## COUNT I
## UNFAIR INSURANCE PRACTICES

10. Plaintiff incorporates by reference all other parts of these pleadings.

11. New Mexico Unfair Insurance Claims Practices Act, 59-16-20, NMSA 1978 Comp. by one or more of the following:

A. committing bad faith claims practices as defined by NM UJI,@13-1704. Bad faith failure to settle. A liability insurance company has a duty to timely investigate and fairly evaluate the claim against its insured, and to accept defense coverage. An insurance company's failure to conduct a reasonable, competent investigation of the claim and to honestly and fairly balance its own interests and the interests of the insured in rejecting a demand for defense and coverage is bad faith. Philadelphia did not give equal consideration to its own interests and the interests of the insured. Philadelphia judgment was *biased per se*, a self-interested, biased, dishonest judgment which caused damage to Plaintiff, Ser de New Mexico, which damages manifested themselves in different ways including, but not limited to loss of use, loss of economic advantage, lost interest, and significant attorney fees.

A13-1706. Violation of insurance practices act Laws 59A-16-12, 59A-16-20 include prohibitions by failing to adopt and implement reasonable standards for the prompt investigation and defense of claims against insureds' arising under policies. Philadelphia, not attempting in good faith to effectuate prompt, fair and equitable defense of the Stinnett claim, settlements of an insured's claims in which liability has become reasonably clear; compelling insureds to institute litigation to recover amounts due under policy; failing to promptly provide an insured a reasonable explanation of the basis relied on in the policy in relation to the facts to deny defense coverage, or applicable law for refusal to defend and the denial of a claim; 13-3-1708; Fiduciary obligations are inherent in insurance relationships such as the one between Plaintiff and Defendant. Defendant breached its fiduciary obligations to Plaintiff by unfair, unreasonable, delaying, misleading attempts to wrongfully delay defense and loss coverage to Plaintiff when Defendants had all of Plaintiffs' documents, allegations of the complaint, and damage information. To deny defense and coverage on a flimsy, insubstantial, implausible, unreasonable claim of lack of notice of an earlier administrative claim by Stinett is bad faith and a bad faith

breach of contract and of the unfair insurances practices laws of New Mexico.

12. Defendant should be required to pay prejudgment interest on all attorney fees, damages and loss amounts, compensatory, consequential special, hedonic loss of enjoyment of live, mental distress and anguish, exemplary and punitive damages alleged to be suffered by the third party insured, Autrey "Ringo" Stinett, Plaintiff in the underlying suit against Ser de New Mexico.

13. Because the self-serving malicious conduct of the insurance company, Philadelphia, was in reckless disregard for the interests of the Plaintiff, or was based on an unreasonable, unsupportable, or dishonest judgment, or was otherwise intentional, willful, or wanton, NM UJI 13-1718, punitive and bad faith exemplary damages should be awarded against Defendant Philadelphia.

14. As a result of the failure to defend and to provide coverage, Plaintiff suffered loss many levels of damages including use of funds expended for defense costs, anguish, harassment and money for attorney fees. All are infractions of the Insurance practices act. Laws 59A-16- 12, 59A-16-20 as stated above.

## COUNT II

### BAD FAITH BREACH OF CONTRACT, BAD FAITH BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

15. Plaintiff incorporates by reference all other parts of these pleadings.

16. The denial by Defendant of defense coverage and the refusal to assist in the defense of the lawsuit filed by Autrey "Ringo" Stinett, and through that defense, to reasonably assess whether the Stinett claim had merit sufficient to consider settlement, was a bad faith breach of contract and a substantial breach of the covenant of good faith and fair dealing.

17. As a result of the bad faith breaches by Defendant Philadelphia, Plaintiff has suffered damages and injuries, including, but not limited to, costs of defense, litigation expenses, harassment, anxiety, loss of use of funds, and because the breaches were in bad faith, punitive and exemplary damages should be assessed against Defendant Philadelphia.

## COUNT III

### BAD FAITH REFUSAL TO PROVIDE DEFENSE COVERAGE AND TO ACCEPT POTENTIAL LIABILITY

18. Plaintiff incorporates by reference all other parts of these pleadings.

19. Defendant breached the contract of insurance by refusing to defend the Plaintiff in the underlying case filed by Autrey "Ringo" Stinett against Ser de New Mexico. As the refusal to defend and provide defense coverage was calculated and intentional as evidenced by the correspondence from Sedgwick, dated October 16, 2012, attached as exhibit A2" hereto, exemplary damages should be allowed to Plaintiff, as well as attorney fees to date, which exceed $10,000.00.

20. Under "bad faith", what is customarily done by those engaged in the insurance industry is evidence of whether the insurance company acted in good faith. However, the good faith of the insurance company is determined by the reasonableness of its conduct, whether such conduct is customary in the industry or not. Industry, customs, standards are evidence of good or bad faith, but they are not conclusive. It is bad faith to unnecessarily delay appropriate coverage, and defense coverage, particularly, in the context of which the company, Philadelphia, has a duty to defend, even if it denies coverage (which, of course, most insurance companies do, deny liability or coverage).

21. The facts of this case support unreasonableness in the failure to

defend, establishing bad faith insurance practices and bad faith breach of contract.

**WHEREFORE** Plaintiffs Pray for judgment against Defendant, for all damages, special, compensatory, harassment, anguish, attorney fees, paid to the attorney to date and in the future, costs and expenses of all litigation and for all other relief deemed just, equitable and appropriate in the premises.

Respectfully Submitted,

/s/ PETER EVERETT IV
Peter Everett IV
EVERETT LAW
Attorney for Plaintiff
10911 Fourth Street NW
Albuquerque, NM 87114
(505) 899-4343

FILED IN MY OFFICE
DISTRICT COURT CLERK
9/25/2015 3:55:08 PM
James A. Noel
Chris Peck

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

SER DE NEW MEXICO, and
PETE SALAZAR,
        Plaintiffs,

v.                    Cause No.      D-202-CV-2015-07534

PHILADELPHIA INDEMNITY INSURANCE COMPANY,
        Defendants.

## VERIFICATION

I, Pete Salazar, having been first duly sworn according to law, upon oath, state.

1. I have read the attached Complaint for Breach of Contract, Unfair Insurance Practices, and Bad Faith Refusal to Provide Defense Coverage and to Accept potential Liability, verify that all statements verbal and written are true and correct to the best of my knowledge and belief.

*/s/ Pete Salazar*
PETE SALAZAR

## ACKNOWLEDGEMENT CERTIFICATE

State of New Mexico  }
                     ss}
County of Bernalillo }

Sworn and subscribed before me this 18th day of September, 2015 by Pete Salazar.

My Commission Expires:
February 11, 2019       {SEAL}

*Cynthia D. Pine*
Cynthia D. Pine

FILED IN MY OFFICE
DISTRICT COURT CLERK
9/25/2015 3:55:08 PM
James A. Noel
Chris Peck

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

SER DE NEW MEXICO, and
PETE SALAZAR,

       Plaintiffs,

v.             Cause No.      D-202-CV-2015-07534

PHILADELPHIA INDEMNITY INSURANCE COMPANY,
       Defendants.

TO: Philadelphia Indemnity Insurance Company
One Bala Plaza, Suite 100
Bala Cynwyd, Pa 19004

## COURT-ANNEXED ARBITRATION CERTIFICATE

(Party and Attorney) SER DE NEW MEXICO AND PETE SALAZAR / ATTORNEY PETER EVERETT pursuant to Second Judicial District Court Local Rule 2-603, certifies as follows:

____ This party seeks **only money judgment and the amount sought does not exceed** twenty-five thousand dollars ($25,000.00) exclusive of punitive damages, interest, costs, and attorney fees.

_X__ This party seeks relief **other than a money judgment and/or seeks relief in excess** of twenty-five thousand dollars ($25,000.00) exclusive of punitive damages, interest, costs and attorney fees.

Signature:    /s/ PETER EVERETT IV

Printed Name:   PETER EVERETT IV

Everett Law
10911 4th St. NW
Albuquerque, NM 87114
(505) 899-4343